UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

LEONCIO V. DATTUS
and other similarly situated individuals,

    Plaintiff(s),

v.

SUNSET VALET PARKING, INC.
and EDUARDO PEREZ ARRUFAT,
individually

    Defendants,
_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff, LEONCIO V. DATTUS, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants SUNSET VALET PARKING, INC., and EDUARDO PEREZ ARRUFAT, individually, and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for retaliation and unpaid regular and overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff LEONCIO V. DATTUS is a covered employee for purposes of the Act. The Plaintiff is a resident of Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant SUNSET VALET PARKING, INC. (hereinafter SUNSET VALET PARKING, or Defendant) is a Florida corporation, having a place of business in Dade County. Defendant was engaged in interstate commerce.

4. The individual Defendant EDUARDO PEREZ ARRUFAT was and is now, the owner/officer and manager of Defendant Corporation SUNSET VALET PARKING. Defendant EDUARDO PEREZ ARRUFAT is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Dade County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff LEONCIO V. DATTUS as a collective action to recover from the Defendants overtime compensation, retaliatory damages, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after November 20120, (the "material time") without being properly compensated.

7. Corporate Defendant SUNSET VALET PARKING is a Florida corporation that provides security services to businesses, residential communities, institutions construction sites, etc. Defendant has offices located at 16976 SW 90th Terrace, Miami Florida 33196.

8. Defendants SUNSET VALET PARKING and EDUARDO PEREZ ARRUFAT employed Plaintiff LEONCIO V. DATTUS approximately from November 01, 2020, to December 02, 2020, or 4 weeks plus 3 days.

9. Plaintiff was employed as a non-exempted full-time, hourly, security guard, and he had security duties. Plaintiff was paid at the rate of $10.00 an hour. Plaintiff's overtime rate should be $15.00 an hour.

10. Plaintiff was sent to work as a doorman to Care Resource Community Health Centers, Inc., where he was responsible for opening doors and screening visitors.

11. Plaintiff alleges that during his employment with Defendants he worked overtime hours that were not paid to him at any rate, not even the minimum wage rate, as required by law.

12. Plaintiff worked 5 days per week from Monday to Friday, from 8:00 AM to 5:00 PM, (9 hours daily). Plaintiff completed a minimum of 45 hours weekly. Plaintiff was unable to take bonafide lunch breaks.

13. Plaintiff worked more than 40 hours per week, he was paid regular hours, but he was not paid for overtime hours as required by law.

14. Plaintiff did not clock in and out. However, the Defendants were in complete control of the hours worked by Plaintiff and they knew that he was working 45 per week.

15. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

16. Plaintiff received Payment for 2 weeks of work on or about November 13, 2020. However, he did not receive his wages the following payment period.

17. Plaintiff complained with the owner of the business EDUARDO PEREZ ARRUFAT, but his payment requests were ignored.

18. Plaintiff was forced to leave his job because he was not paid his hard-earned wages.

19. Plaintiff is not in possession of time and payment records, but he will provide a good faith estimate of unpaid overtime hours based on his recollections.

20. Plaintiff LEONCIO V. DATTUS seeks to recover regular and overtime wages for every hour over 40 that he worked, retaliatory damages, liquidated damages, and any other relief as allowable by law.

21. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked over forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

22. Plaintiff LEONCIO V. DATTUS re-adopts every factual allegation as stated in paragraphs 1-21 above as if set out in full herein.

23. This cause of action is brought by Plaintiff LEONCIO V. DATTUS as a collective action to recover from the Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after November

2020, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

24. Defendant SUNSET VALET PARKING was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant provides security services and, through its business activity, affects interstate commerce. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently ordering merchandise produced out of state, by using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was proportionally more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

25. Plaintiffs and those similarly situated were employed by an enterprise engaged in interstate commerce. Particularly, Plaintiff was a security employee, and through his daily activities, Plaintiff provided security services to enterprises engaged in interstate commerce. Therefore, there is FLSA individual coverage.

26. Defendants SUNSET VALET PARKING and EDUARDO PEREZ ARRUFAT employed Plaintiff LEONCIO V. DATTUS approximately from November 01, 2020, to December 02, 2020, or 4 weeks plus 3 days.

27. Plaintiff was employed as a non-exempted full-time, hourly, security guard, and he had security duties. Plaintiff was paid at the rate of $10.00 an hour. Plaintiff's overtime rate should be $15.00 an hour.

28. Plaintiff alleges that during his employment with Defendants he worked overtime hours that were not paid to him at any rate, not even the minimum wage rate, as required by law.

29. Plaintiff worked 5 days per week from Monday to Friday, from 8:00 AM to 5:00 PM, (9 hours daily). Plaintiff completed a minimum of 45 hours weekly. Plaintiff was unable to take bonafide lunch breaks.

30. Plaintiff worked more than 40 hours per week, he was paid regular hours, but he was not paid for overtime hours as required by law.

31. Plaintiff did not clock in and out.  However, the Defendants were in complete control of the hours worked by Plaintiff and they knew that he was working 45 per week.

32. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

33. Plaintiff was paid weekly with checks without any paystubs providing basic information about the number of days and hours worked, the rate paid, employment taxes withheld, etc.

34. The records, if any, concerning the number of hours worked by the Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of the Defendants.  However, upon information and belief, the Defendants did not maintain time accurate records of hours worked by Plaintiff and other employees.

35. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

36. Defendants never posted any notice, as required by the Fair Labor Standards Act, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

37. Before the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

    \* Please note that these amounts are based on preliminary calculations. Thus, these figures are subjected to modifications after discovery.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

       Three Hundred Forty-Five Dollars and 00/100 ($345.00)

    b. <u>Calculation of such wages</u>:

       Total weeks of employment:  4 weeks plus 3 days
       Total number of relevant weeks: 4 weeks plus 3 days weeks
       Total number of hours worked weekly: 45 weekly
       Total number of O/T hours: 5 hours weekly
       Total number of unpaid O/T hours: 5 O/T hours weekly
       Regular rate: $10.00 an hour x 1.5=$15.00
       O/T rate: 15.00 an hour

       1.- O/T $15.00 x 5 O/T hours= $75.00 weekly x 4 weeks= $300.00
       2.- O/T $15.00 x 3 hours (3 days) =$45.00

       Total #1, and #2: $345.00

    c. <u>Nature of wages (e.g., overtime or straight time)</u>:

       This amount represents unpaid overtime wages.

38. At all times, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiff and those similarly-situated performed services and worked more than the maximum hours provided by the Act but no provision was made by Defendants to properly pay them at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

39. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain

owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

40. At the times mentioned, individual Defendant EDUARDO PEREZ ARRUFAT was the owner/president and manager of SUNSET VALET PARKING. Defendant EDUARDO PEREZ ARRUFAT was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of SUNSET VALET PARKING concerning its employees, including Plaintiff and others similarly situated. Defendant EDUARDO PEREZ ARRUFAT had financial and operational control of the corporation, determining terms, and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for Plaintiff's damages.

41. Defendants SUNSET VALET PARKING and EDUARDO PEREZ ARRUFAT willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

42. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff LEONCIO V. DATTUS and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff LEONCIO V. DATTUS and other similarly situated individuals and against the Defendants SUNSET VALET PARKING and EDUARDO PEREZ ARRUFAT based on Defendants willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff LEONCIO V. DATTUS actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff LEONCIO V. DATTUS demands trial by a jury of all issues triable as of right by a jury.

## COUNT II:
### F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

43. Plaintiff LEONCIO V. DATTUS re-adopts every factual allegation as stated in paragraphs 1-21 of this complaint as if set out in full herein.

44. This action is brought by Plaintiff LEONCIO V. DATTUS and those similarly situated to recover from the Employer SUNSET VALET PARKING and EDUARDO PEREZ

ARRUFAT unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

45. Defendant SUNSET VALET PARKING was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant provides security services and, through its business activity, affects interstate commerce. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently ordering merchandise produced out of state, by using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was proportionally more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

46. Plaintiffs and those similarly situated were employed by an enterprise engaged in interstate commerce. Particularly, Plaintiff was a security employee, and through his daily activities, Plaintiff provided security services to enterprises engaged in interstate commerce. Therefore, there is FLSA individual coverage.

47. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day

48. Defendants SUNSET VALET PARKING and EDUARDO PEREZ ARRUFAT employed Plaintiff LEONCIO V. DATTUS approximately from November 01, 2020, to December 02, 2020, or 4 weeks plus 3 days.

49. Plaintiff was employed as a non-exempted full-time, hourly, security guard, and he had security duties. Plaintiff was paid at the rate of $10.00 an hour.

50. Plaintiff worked 5 days per week from Monday to Friday, from 8:00 AM to 5:00 PM, (9 hours daily). Plaintiff completed a minimum of 45 hours weekly. Plaintiff was unable to take bonafide lunch breaks.

51. Plaintiff alleges that during his employment with Defendants, he was not paid his regular wages for 2 weeks plus 3 days.

52. Plaintiff worked 40 hours or more per week, but he did not receive his regular and complete payment for every hour worked. There is a substantial number of working hours that never were paid to Plaintiff at any rate, not even the minimum wage rate, as required by the FLSA.

53. Plaintiff did not clock in and out, but Defendant was able to keep track of the number of hours worked by Plaintiff and other similarly situated individuals. The Defendants were in absolute control of the hours worked by Plaintiff and other similarly situated individuals.

54. Therefore, Defendant willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act.

55. Plaintiff was forced to leave his job because he was not paid his hard-earned wages.

56. Plaintiff is not in possession of time and payment records, but he will provide a good faith estimate of unpaid overtime hours based on his recollections.

57. The records, if any, concerning the number of hours worked by Plaintiff LEONCIO V. DATTUS, and all others similarly situated employees, and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

58. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

59. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

60. Before the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of the unpaid minimum wage is as follows:

*Plaintiff regular wage-rate was $10.00 an hour. Florida's minimum wage in 2020 is $8.56, which is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

   a. <u>Total amount of alleged unpaid wages</u>:

   Eight Hundred Ninety Dollars and 24/100 ($890.24)

   b. <u>Calculation of such wages</u>:

   Total Period of employment:  4 weeks plus 3 days
   Relevant weeks of employment: 2 weeks plus 3 days
   Total number of hours worked: 40 weekly
   Total number of unpaid regular hours: 8 regular hours weekly
   Regular rate: $10.00 an hour
   Florida minimum wage 2020: $8.56 an hour.

   1.- $8.56 x 40 hours weekly=$320.00 weekly x 2 weeks=$684.80

      2.- $8.56 x 8 hours= $68.48 daily x 3 days= $205.44

      Total #1, and #2: $890.24

   c. <u>Nature of wages</u>

      This amount represents unpaid minimum wages at the Florida minimum wage rate.

61. Defendants SUNSET VALET PARKING and EDUARDO PEREZ ARRUFAT knew and/or showed a reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages as set forth above, and Plaintiff is entitled to recover double damages.

62. At the times mentioned, individual Defendant EDUARDO PEREZ ARRUFAT was the owner/president and manager of SUNSET VALET PARKING. Defendant EDUARDO PEREZ ARRUFAT was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of SUNSET VALET PARKING concerning its employees, including Plaintiff and others similarly situated. Defendant EDUARDO PEREZ ARRUFAT had financial and operational control of the corporation, determining terms, and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for Plaintiff's damages.

63. Defendants SUNSET VALET PARKING and EDUARDO PEREZ ARRUFAT willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States, and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

64. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff LEONCIO V. DATTUS and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff LEONCIO V. DATTUS and against the Defendants SUNSET VALET PARKING and EDUARDO PEREZ ARRUFAT based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff LEONCIO V. DATTUS and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

**COUNT III**
**FEDERAL STATUTORY VIOLATION: RETALIATORY CONSTRUCTIVE DISCHARGE OF FELIPE MARRERO; PURSUANT TO 29 U.S.C. 215(a)(3), AGAINST ALL DEFENDANTS**

65. Plaintiff LEONCIO V. DATTUS re-adopts every factual allegation as stated in paragraphs 1-21 of this complaint as if set out in full herein.

66. Defendant SUNSET VALET PARKING was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant provides security services and, through its business activity, affects interstate commerce. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently ordering merchandise produced out of state, by using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was proportionally more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

67. Plaintiffs and those similarly situated were employed by an enterprise engaged in interstate commerce. Particularly, Plaintiff was a security employee, and through his daily activities, Plaintiff provided security services to enterprises engaged in interstate commerce. Therefore, there is FLSA individual coverage.

68. Defendant SUNSET VALET PARKING was and is subjected to the provisions of the Fair Labor Standards Act (FLSA).

69. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

70. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

71. Defendants SUNSET VALET PARKING and EDUARDO PEREZ ARRUFAT employed Plaintiff LEONCIO V. DATTUS approximately from November 01, 2020, to December 02, 2020, or 4 weeks plus 3 days.

72. Plaintiff was employed as a non-exempted full-time, hourly, security guard, and he had security duties. Plaintiff was paid at the rate of $10.00 an hour. Plaintiff's overtime rate should be $15.00 an hour.

73. Plaintiff was sent to work as a doorman to Care Resource Community Health Centers, Inc., where he was responsible for opening doors and screening visitors.

74. Plaintiff alleges that during his employment with Defendants he worked overtime hours that were not paid to him at any rate, not even the minimum wage rate, as required by law.

75. Plaintiff worked 5 days per week a minimum of 45 hours weekly. Plaintiff was unable to take bonafide lunch breaks.

76. Plaintiff worked more than 40 hours per week, he was paid regular hours, but he was not paid for overtime hours as required by law.

77. Plaintiff did not clock in and out. However, the Defendants were in complete control of the hours worked by Plaintiff and they knew that he was working 45 per week.

78. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

79. In addition, Plaintiff received Payment for 2 weeks of work on or about November 13, 2020. However, he did not receive his wages the following payment period.

80. Plaintiff complained with the owner of the business EDUARDO PEREZ ARRUFAT, but his payment requests were ignored.

81. Plaintiff was forced to leave his job because he was not paid his hard-earned wages.

82. On or about December 02, 2020, Plaintiff was forced to resign from his position at SUNSET VALET PARKING, because Defendants unfairly denied overtime pay for hours worked more than 40 every week, and they also denied payment for regular hours.

83. Therefore, on or about December 02, 2020, Plaintiff was constructively discharged, because Defendants deliberately created unfair working conditions that any reasonable person could not accept, and Plaintiff was forced to resign.

84. At all times during his employment, Plaintiff performed his work satisfactorily. There was no reason other than unlawful employment practices to constructively discharge Plaintiff.

85. At the times mentioned, individual Defendant EDUARDO PEREZ ARRUFAT was the owner/president and manager of SUNSET VALET PARKING. Defendant EDUARDO PEREZ ARRUFAT was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of SUNSET VALET PARKING concerning its employees, including Plaintiff and others similarly situated. Defendant EDUARDO PEREZ ARRUFAT had financial and operational control of the corporation, determining terms, and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for Plaintiff's damages.

86. The motivating factor which caused Plaintiff's constructive discharge as described above was his complaints seeking unpaid regular and overtime wages from the Defendants. In other words, Plaintiff would not have been constructively discharged but for his complaints about unpaid overtime wages.

87. The Defendants' constructive discharge of the Plaintiff was in direct violation of 29 U.S.C. 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

88. Plaintiff LEONCIO V. DATTUS has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff LEONCIO V. DATTUS respectfully requests that this Honorable Court:

A. Enter judgment against the Defendants SUNSET VALET PARKING and EDUARDO PEREZ ARRUFAT that Plaintiff LEONCIO V. DATTUS recovers compensatory, damages, and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

B. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

C. Order the Defendants to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

D. Plaintiff LEONCIO V. DATTUS further prays for such additional relief as the interests of justice may require.

<u>JURY DEMAND</u>

Plaintiff LEONCIO V. DATTUS demands trial by a jury of all issues triable as of right by a jury.

Dated: February 9, 2021

              Respectfully submitted,


              By: **/s/ Zandro E. Palma**
              ZANDRO E. PALMA, P.A.
              Florida Bar No.: 0024031
              9100 S. Dadeland Blvd.
              Suite 1500
              Miami, FL 33156
              Telephone: (305) 446-1500
              Facsimile: (305) 446-1502
              zep@thepalmalawgroup.com
              *Attorney for Plaintiff*